**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | | |
|---|---|---|
| JOE HAND PROMOTIONS, INC. | : | Civil Action No. 18-11426 (MCA) (MAH) |
| Plaintiff, | : | |
| v. | : | |
| FADI ABUAWAD, et al. | : | REPORT AND RECOMMENDATION |
| Defendants. | : | |

### I. INTRODUCTION

This matter comes before the Court by way of Plaintiff Joe Hand Promotion, Inc.'s Motion for Attorneys' Fees and Costs pursuant to 47 U.S.C. § 605(e)(3)(B)(iii). Defendants have not opposed or otherwise responded to the Plaintiff's motion. The Undersigned has considered the matter without oral argument. Fed. R. Civ. P. 78. For the reasons set forth herein, the Undersigned respectfully recommends the District Court grant Plaintiff's Motion and order Defendants Fadi Abuawad and Fadi's Café, LLC reimburse Plaintiff the sum of $2,088.00.

### II. BACKGROUND

Plaintiff is in the business of distributing and licensing premier sporting events to commercial establishments and had acquired the exclusive right to distribute and authorize the broadcasting of the August 26, 2017 fight between Floyd Mayweather, Jr. and Connor McGregor. *See* Compl. ¶¶ 4-6, July 6, 2018, D.E. 1. Upon discovering that Defendants broadcasted the McGregor-Mayweather fight without permission, Plaintiff filed a two-count Complaint alleging violations of the Communications Act of 1934, 47 U.S.C. §§ 553 and 605; and the Copyright Act of the United States, 17 U.S.C. §§ 101 *et. seq. See id.* ¶¶ 11-25.

1

Plaintiff served Defendants with the Summons and Complaint on July 23, 2018. *See* Summon, D.E 5. On November 7, 2018, the Clerk of Court entered default against Defendants. Clerk's Entry of Default, D.E. 8. Plaintiff subsequently moved for default judgment against Defendants. Mot. for Default J., Jan. 7, 2019, D.E. 10. After a careful analysis of the facts and Plaintiff's legal claims, the District Court granted Plaintiff's motion and entered judgment against Defendants in the amount of $10,400 plus attorneys' fees and costs. *See* Op., Aug. 27, 2019, D.E. 12; Order, Aug. 27, 2019, D.E. 13. Plaintiff now moves for the statutory award of attorneys' fees and costs pursuant to the Communications Act. *See* Mot. for Attorneys' Fees and Costs, Sept. 25, 2019, D.E. 14

### III.  ANALYSIS

Under 47 U.S.C. § 605(e)(3)(B)(iii), the Court must award "recovery of full costs, including . . . reasonable attorneys' fees to an aggrieved party who prevails." Plaintiff's counsel has submitted a declaration detailing the costs and fees incurred in the prosecution of this action. *See* Decl. of Ryan R. Janis, Esq. in Supp. of Pl.'s Mot. for Attorneys' Fees & Costs, Sept. 25, 2019, D.E. 14-1. Plaintiff avers that it is entitled to $563.00 in costs, which is comprised of the $400.00 filing fee and a $163.00 fee to effectuate service. *See id.* ¶ 7. The Court has reviewed Plaintiff's submission and it corroborates Plaintiff's costs. *See id.* Ex. B (service of process invoice).

As for attorneys' fees, Plaintiff's counsel requests $1,525.00 for 6.1 hours of legal work at an hourly rate of $250.00. *Id.* ¶¶ 4-6. The Court first considers that reasonableness of the requested rate. Here, Plaintiff's counsel submits that $250.00 is a reasonable rate for federal anti-piracy litigation. *See id.* ¶ 4, n.1 (collecting cases). The Court agrees. Plaintiff's counsel is an experienced litigator who routinely handles cable-piracy and related copyright-infringement litigation. *Id.* ¶ 3. Moreover, courts in closely similar cases within the District of New Jersey have

approved $250 as a reasonable hourly rate. *See, e.g., Joe Hand Promotions, Inc. v. Laguna Lounge, LLC*, No. 16-9184, 2018 WL 314816, at *3 n.2 (D.N.J. Jan. 5, 2018) (holding that hourly rate of $250 is reasonable and that the total amount requested "aligns with fees and costs awarded in other cases in this District involving similar circumstances with Joe Hand and the same counsel"). Accordingly, the rate of $250 per hour in this case is reasonable.

The Court next considers the time billed by Plaintiff's counsel in this matter. Plaintiff's counsel has provided a detailed summary of the hours worked on this matter. *See id.*, Ex. A (setting forth counsel's billing entries). The Court has reviewed the time entries and concludes that they are reasonable. Indeed, apart from the 1.2 hours required to prepare and file the Complaint, and the 2.5 hours required to prepare and file the motion for default judgment and supporting documents, which entries themselves are reasonable, no other time entry exceeded an hour. *Id.* Moreover, Defendants have not opposed the motion and therefore have not argued that any time entry was excessive or unnecessary.

Accordingly, the Undersigned is satisfied that these costs and fees are reasonable and that the requested amount is supported by the record. Accordingly, the Undersigned respectfully recommends that the District Court award Plaintiff the full amount requested.

**IV.   CONCLUSION**

For the reasons set forth above, the Undersigned respectfully recommends the District Court grant Plaintiffs' Motion for Attorneys' Fees and Costs [D.E. 14]. The parties have fourteen days to file and serve objections to this Report and Recommendation. *See* 28 U.S.C. § 636; L. Civ. R. 72.1(c)(2).

**Dated: January 29, 2020**

*s/ Michael A. Hammer*
**United States Magistrate Judge**